**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50215 |
| Plaintiff - Appellee, | D.C. No. 8:09-cr-00213-AG-1 |
| v. | |
| JOHN ARTHUR WALTHALL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 2, 2014[**]
Pasadena, California

Before: TROTT and CALLAHAN, Circuit Judges, and BENNETT, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

John Arthur Walthall appeals (1) his convictions following a jury trial for multiple counts of wire fraud, in violation of 18 U.S.C. § 1343, and for failure to appear, in violation of 18 U.S.C. § 3146(a)(1), (b)(1)(A), and (2) his 168-month sentence. We affirm.

Because the facts and circumstances of this case are well-known to the parties, we repeat them only as necessary to explain our decision. We address his claims in turn.

## I

Joinder of counts is proper under Fed. R. Crim. P. 8(a) if the offenses charged were "connected with or constitute parts of a common scheme or plan." See also United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007). Here, the charges of fraud and Walthall's subsequent attempt to avoid prosecution by flight were so connected. See United States v. Irvine, 756 F.2d 708, 712 (9th Cir. 1985) (separate criminal conduct designed to avoid prosecution may properly be joined with the primary substantive offense). Moreover, evidence of flight is generally admissible to demonstrate a consciousness of guilt. See United States v. Guerrero, 756 F.2d 1342, 1347 (9th Cir. 1984).

## II

The evidence of Walthall's guilt of wire fraud was overwhelming to say the least. His "partnership" claims are pure casuistry and require no elaboration.

### III

The district court did not deny Walthall's requests for expert funds. To quote his attorney, "all we're . . . asking for [are] subpoenas. We're not asking to pay any doctor." [G.E.R. 463] Moreover, we discern no prejudice to him from any of the district court's rulings in this area.

### IV

The district court did not abuse its discretion in denying Walthall's "theory of his defense" instruction. The court correctly regarded his proposed instruction as the equivalent of closing argument. See United States v. Parker, 991 F.2d 1493, 1497 (9th Cir. 1993); United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir. 1995).

### V

The district court properly denied Walthall's last minute request for a substitution of counsel. The court's findings that there was no total breakdown in attorney-client communications, and that the purpose for the motion was delay, are fully supported by the record. See Morris v. Slappy, 461 U.S. 1, 11-15 (1983).

### VI

Given (1) the vulnerability of Walthall's victims, (2) his outrageous abuse of their trust as a purported financial advisor and partner, and (3) his massive use of their money for his personal expenses, Walthall's sentence, the award of restitution in the amount of $2,479,000, and a three-year period of supervised release were eminently reasonable. His apprehension in Nevada under a false name in possession of ten cell phones with different area codes, multiple weapons including a "silencer," and a book entitled *How to Be Invisible* demonstrate not only that he is a confirmed criminal, but a dangerous one at that.

**AFFIRMED.**